**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00025-CR**

_____

**TERRANCE TYVEONE WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 88th District Court**
**Hardin County, Texas**
**Trial Cause No. 24315**

**MEMORANDUM OPINION**

In an open plea, Appellant Terrance Tyveone Williams pled guilty to the first-degree felony offense of felony murder. *See* Tex. Penal Code Ann. § 19.02(b)(3). Williams elected to have the jury assess punishment, and they assessed fifty-two years of confinement.

Williams's appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record and concludes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex.

Crim. App. 1978). After Williams's counsel filed his brief, we granted an extension of time for Williams to file a pro se response. Williams filed a pro se brief in which he complains that: (1) the trial court erred by allowing his "involuntary" video recorded confession to be used against him; (2) the trial court erred by allowing an "all white" jury to sentence him; and (3) his counsel was ineffective.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and a later-filed pro se response, an appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. . . . Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and Williams's pro se brief, and we have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827–28. Therefore, we find it unnecessary to order appointment of new counsel to

re-brief the appeal. *Cf. Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on January 25, 2023
Opinion Delivered February 8, 2023
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1]Williams may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.